Chief Justice Robertson,
delivered the opinion of the court.
Tins was an ejectment on the demise of of John J. Marshall, against Susan Ward, the tenant of Dupey and Longer. By consent, the landlords were made defendants, and pleaded (he general issue. After the plaintiff had closed his testimony, the circuit court instructed the jury to find as in case of a non-suit ;• and a verdict and judgment were accordingly rendered, for the defendants.
It is unnecessary, now to examine the title of the plaintiff; for if it be admitted to be indisputable, the judgment must be affirmed. Nor is it material whether the non-suit was ordered for a sufficient or an insufficient reason, if the record exhibit good cause for it. Such, cause appears.
• The demise is laid as commencing on the 1st of July,. 1827; and the legal title did not vest in the lessor until the 13th of July', 1827.
It is not necessary to cite authorities, to show that a plaintiff in ejectment cannot recover, unless his lessor had the .right of entry at the date of the demise. A subsequent acquisition of the right will not ayaU^in such case, by retroaction.
In a suit for mesne profits, the judgment in ejectment is conclusive evidence of title in the lessor at the date of the demise, and there may be a recovery for profits up to, that time. A. s Mai shall did not show any title or right of entry in himself, on the 1st of July, 1823, the action could not be maintained on the demise set forth in the declaration.
Wherefore, the judgment must be affirmed.